IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* LOKESH VUYYURU, M.D.,<br><br>                              Plaintiffs,<br><br>     v.<br><br>GOPINATH JADHAV, M.D.,<br>and<br>SOUTHSIDE GASTROENTEROLOGY<br>ASSOCIATES, LTD.,<br>and<br>PETERSBURG HOSPITAL COMPANY, LLC,<br>and<br>THE CAMERON FOUNDATION,<br>A VIRGINIA NON-PROFIT<br>CORPORATION,<br>and<br>COLUMBIA/HCA JOHN RANDOLPH, INC.,<br><br>                              Defendants. | Civil Action Number<br>3:06CV180 |

**MEMORANDUM OPINION**

This matter is before the Court on The Cameron Foundation's Revised Motion for Attorneys' Fees (Docket No. 62). On May 14, 2007, after considering The Cameron Foundation's original Motion for Attorneys' Fees (Docket No. 54), the Court ordered The Cameron Foundation to submit a revised fee application and ordered the Plaintiff to provide specific financial information detailing his purported inability to pay attorney's fees (Docket No. 61). After submitting certain information on the topic and after the Court granted The Cameron Foundation's motion for discovery on the plaintiff's financial condition, the Plaintiff waived his request

that the Court consider his financial condition in connection with The Cameron Foundation's attorneys' fees application. The Cameron Foundation submitted a revised fee application.

The Cameron Foundation requests attorneys' fees pursuant to 31 U.S.C. § 3730(d)(4) of the Fraudulent Claims Act ("FCA") which provides that, where the government does not proceed with an FCA claim and the relator conducts the action,

> the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4).

Having considered the entire record, the Court finds that awarding The Cameron Foundation attorneys fees in this case is appropriate. The Cameron Foundation prevailed in this action, and the plaintiff's claim was clearly frivolous. Indeed, as detailed in the March 28, 2007 Memorandum Opinion (Docket No. 50), the Plaintiff consistently failed to provide key details and specific facts in support of his claims. Among other glaring deficiencies, the Plaintiff "failed to provide specific facts about how he obtained knowledge of the fraudulent acts alleged in the [Third Amended Complaint]," failed to provide specific facts about his allegations so that the Court could determine that he was their original source, and failed to provide the "necessary dates and details" to support his claim that fraudulent practices were

2

occurring at John Randolph Medical Center and Southside Regional Medical Center.  Remarkably, the Plaintiff failed to provide those facts and details even though he filed *four* different iterations of a complaint (Docket Nos. 1, 2, 21, 25).  The record compelled the conclusion that the Plaintiff had no claim and the Court dismissed the action for lack of subject matter jurisdiction.

The remaining issue is the quantum of attorneys' fees that is appropriate in this case.  Under § 3730(d)(4), the Court has discretion in determining this amount. U.S. *ex. rel.* Mikes v. Straus, 984 F. Supp. 2d 517, 529 (S.D.N.Y. 2000).  Generally, an appropriate fee award analysis under § 3730(d)(4) involves two components: (1) a determination of a reasonable fee for the services performed in the case, and (2) an assessment of the plaintiff's ability to pay.  Chaplin v. DuPont Advance Fiber Sys., 303 F. Supp.2d. 766, 775-76 (E.D. Va. 2004). Here, however, the Plaintiff has waived consideration of his ability to pay, so it is necessary to only consider the first component.

The total amount of attorneys' fees and costs sought by The Cameron Foundation in its revised fee application is $68,228.75. This amount is based on billing records submitted by counsel for The Cameron Foundation.  The Court must assess the reasonableness of two elements of this request: (1) the hourly billing rates of counsel for The Cameron Foundation, and (2) the number of billable

3

hours that counsel for The Cameron Foundation claim they worked on this case.

First, two attorneys provided services for The Cameron Foundation in this matter: Rita P. Davis and Michael R. Shebelskie. Their hourly billing rates are as follows:

- Rita P. Davis– $310/hour
- Michael R. Shebelskie– $400/hour

Plaintiff does not contest the reasonableness of Mr. Shebelskie's hourly billing rate. He, does, however, contend that Ms. Davis' billing rate is excessive given her "relative inexperience." Plaintiff does not provide any further explanation or evidence of this contention.

In <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, the Fourth Circuit held that:

> The hourly rate included in an attorney's fee must . . . be reasonable. This requirement is met by compensating attorneys at the prevailing market rates in the relevant community . . . This determination is fact-intensive and is best guided by what attorneys earn from paying clients for similar services in similar circumstances . . . .

<u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 31 F.3d 169, 175 (4th Cir. 1994)(internal quotations and citations omitted). The Fourth Circuit also has noted that:

> The prevailing market rate may be established through affidavits reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent fee awards by courts in comparable cases; and specific evidence of counsel's actual billing practice or other evidence of the actual rates which counsel can command in the market.

4

Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987).

The Cameron Foundation's original Motion for Attorneys' Fees (Docket No. 55) contains a declaration from Michael R. Shebelskie. In it, he attests that Ms. Davis is an associate with Hunton & Williams LLP and that her hourly billing rate is the "normal and customary" rate charged for her services to clients involved in comparable cases. He also explained that her billing rate is similar to the rate "charged for like services by other firms of a size and expertise comparable to Hunton & Williams LLP." Plaintiff has not submitted any evidence that would suggest otherwise. Furthermore, The Cameron Foundation's Revised Fee Application contains as order approving a fee application in a 2005 bankruptcy proceeding before the Court wherein hourly rates in line with those sought in this application (even approving hourly rates as high as $475) were approved. On the record, the Court finds that Ms. Davis' billing rate is reasonable in light of the standard charges for like services by Hunton & Williams in similar cases and for the fees customarily charged in this market for lawyers of Ms. Davis' experience and performance levels.

Second, the billing records submitted by The Cameron Foundation contain two categories of entries: (1) entries for which the entirety of the work was related to Plaintiff's FCA claims and/or consisted of tasks unaffected by the presence of state law claims, and (2) "mixed" entries containing work related to both

Plaintiff's FCA and state law claims.  The Cameron Foundation is only entitled to recover fees related to Plaintiff's FCA claim because that was the claim on which The Cameron Foundation prevailed.  An examination of the billing records discloses that the services performed were reasonably and necessarily undertaken and performed.  The Cameron Foundation is entitled to all fees claimed for the first category.  This amounts to $37,145.

As to the second category, the mixed entries, The Cameron Foundation requests a fifty percent allocation of fees.  The Court finds this request to be reasonable.  As The Cameron Foundation observes, based on its records, "its counsel can reliably estimate that at least half of the fees associated with preparation of the motion to dismiss briefs is attributable to the False Claims Act claims."  (The Cameron Foundation's Revised Fee App. 4.)  This amounts to $31,083.75.  Even though this award is based on mixed entries, courts are permitted to assess attorneys' fees "even where it is not clear exactly how much time was spent on reimbursable matters. . . ."  Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 267 (S.D.N.Y. 1995).  Indeed, "[i]t is . . . less important that judges attain exactitude (which may be impossible) than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in a given case."  Id.  Here, a fifty percent allocation for the mixed entries - which involve

6

the writing of the motion to dismiss brief and its reply – is fair given that approximately half of the issues in this case were related to Plaintiff's FCA claims.

Overall, therefore, the Court finds that the amount of attorneys' fees and costs requested by The Cameron Foundation in its revised fee application is reasonable and fair in light of the issues presented in this case, the time devoted by counsel, the complexity of the issues, both factual and legal, the burden assumed by The Cameron Foundation in defending the case, the experience and expertise required of counsel, and the standard charges for like services by comparable law firms in this region.

Accordingly, the Court will grant The Cameron Foundation's Revised Motion for Attorneys' Fees (Docket No. 62) and awards attorneys' fees and costs to The Cameron Foundation in the amount of $68,228.75.

Additionally, the Court will grant The Cameron Foundation's Motion to Strike (Docket No. 87).  On August 8, 2007, Plaintiff filed a supplemental brief in which he made various assertions about The Cameron Foundation's authority to indemnify Petersburg Hospital Company LLC.  The Court did not grant Plaintiff leave to file that brief.  Additionally, the issues raised in the supplemental brief were not raised in Plaintiff's original brief in opposition to The Cameron Foundation's Motion for Attorneys' Fees even though it was clear in that application that The Cameron

Foundation had assumed the defense of Petersburg Hospital Company LLC.  The time entries at issue were also in the original fee application and Plaintiff made no objection to them.  Consideration of this brief at this point, therefore, would be highly prejudicial to The Cameron Foundation.

The facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.

                                              /s/
                                        Robert E. Payne
                                        Senior United States District Judge

Richmond, Virginia
Date: August 24, 2007